In the Matter of the Estate of HERMAN BRUSTEIN, Deceased. ELEANORE BRUSTEIN, Appellant; MAX BRUSTEIN, as Administrator C. T. A. of HERMAN BRUSTEIN, Deceased, Respondent.— Appeal from a decree of the Surrogate's Court of Delaware County entered February 2, 1953, denying the petition of the appellant for an order revoking letters of administration *c. t. a.*, issued to the respondent. In view of the affirmance, upon the companion appeal (*Matter of Brustein, post*, p. 989), of the decree in the construction proceeding holding that the respondent is entitled to the entire estate, the appeal in this proceeding should be dismissed since the appellant has no interest in the estate and is not aggrieved by any of the matters complained of. Appeal dismissed, with costs to each of the parties filing a brief, payable out of the estate. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

■

In the Matter of the Construction of the Will of HERMAN BRUSTEIN, Deceased. ELEANORE BRUSTEIN et al., Appellants; MAX BRUSTEIN, as Administrator C. T. A. of HERMAN BRUSTEIN, Deceased, Respondent.— Appeal from a decree of the Surrogate's Court of Delaware County, entered February 2, 1953, construing the last will and testament of the deceased.

The will was a holographic one. In its entirety it read as follows:

" Pinewood Hotel
Fleischmanns, N. Y.

June 10, 1944.

I Herman Brustein in sound mind and full knowledge what I am doing hereby assign and turn over all my possessions, personal and real, notes, cash stocks, etc., upon my death to my brother Max Brustein, and want him to take as much care as he can of my late brother's Meyer Brustein, children Eleanore, Estelle & Jay Brustein.

If I pass away in the town of Fleischmanns, I wish to be buried there.

Herman Brustein
Ellsworth Reynolds
Sydney Flisser."

The Surrogate held, we believe correctly, that the will bequeathed and devised the entire estate of the testator to his brother Max Brustein and that the reference to the children of his deceased brother, who are the appellants here, was precatory in nature and gave rise to no legally enforcible interests on their part. Decree unanimously affirmed, with costs to each of the parties filing a brief, payable out of the estate. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.